IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

MARKEITH REYNOLDS,

Defendant.                                              No. 09-30030-DRH

## ORDER

**HERNDON, Chief Judge:**

Markeith Reynolds is serving 48 month sentence which was imposed by this Court on July 10, 2009 (Doc. 13). Reynolds subsequently filed a motion for retroactive application of sentencing guidelines to crack cocaine offense pursuant to 18 U.S.C. § 2583 (Doc. 22).

**Section 3582(c)(2)** allows the Court to reduce a defendant's previously imposed sentence where "a defendant...has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o)." In doing so, the Court must consider the factors set forth in **18 U.S.C. § 3553(a)** and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." **18 U.S.C. § 3582(c)(2)**. Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with the applicable policy statements issued by the

Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  ***United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);** *see* ***United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009),** *cert. denied sub nom* ***McKnight v. United States*, 129 S.Ct. 1924 (2009).**

However, this Court lacks jurisdiction over Reynolds motion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 944(o)."  **18 U.S.C. § 3582(c)(2)**.  Amendments 706 and 711 amended **U.S.S.G. § 2D1.1(c)** as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  However, Reynolds was sentenced on July 10, 2009, after the amendments went into effect.  Thus, Reynolds was not sentenced based on a range that has *subsequently* been lowered by the Sentencing Commission.  Thus, this Court **DISMISSES for lack of jurisdiction** Reynold's motion for re-sentencing pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 22).

**IT IS SO ORDERED.**

Signed this 30th day of March, 2010.

/s/   *DavidRHerndon*
**Chief Judge**
**United States District Court**